IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFERY M. FLECKENSTEIN,** | : | |
| Plaintiff | : | No. 1:14-cv-01085 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **ROSS W. CRAWFORD, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Jeffery M. Fleckenstein ("Plaintiff")'s motion for default judgment against Defendant Ross W. Crawford ("Crawford"). (Doc. No. 74.) For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND[1]

On June 4, 2014, Plaintiff initiated the above-captioned action by filing a complaint against Crawford, as well as Defendants Mary E. Sabol, Albert J. Sabol, the York County Prison Board of Inspectors, Dana M. Brienza, Kim McDermott, and Karen Eyster (collectively referred to herein as the "York County Defendants"). (Doc. No. 1.) On July 18, 2014, Plaintiff filed an amended complaint against Defendants. (Doc. No. 6.) All Defendants, with the exception of Crawford, filed a motion to dismiss the amended complaint on July 23, 2014 (Doc. No. 8), which the Court granted in part and denied in part on October 1, 2015. (Doc. Nos. 31, 32.)

After the parties proceeded to conduct discovery, Plaintiff filed a "request to the court for the entry of a default judgment" as to Crawford on June 21, 2016. (Doc. No. 44.) In support of this request, Plaintiff maintained that Crawford neither answered nor otherwise responded to the second amended complaint. (Id. ¶ 8.) On January 12, 2018, the Court denied Plaintiff's request

---

[1] Because this Memorandum addresses only Plaintiff's motion for default judgment, the Court declines to recite the underlying factual background of this action herein.

1

as improvidently filed and ordered that the request be stricken from the record.[2] (Doc. No. 69.)
In addition, the Court noted that Plaintiff and the York County Defendants requested a settlement conference before a Magistrate Judge (Doc. No. 68), but the Court declined to refer the case to a Magistrate Judge because Plaintiff had not indicated whether Crawford concurred in the request (Doc. No. 69).

Following the Court's Order, Plaintiff filed a request for the entry of default against Crawford with the Clerk on January 23, 2018 (Doc. No. 70), and the Clerk entered default against Crawford on January 25, 2018 (Doc. No. 71). Plaintiff then filed the instant motion for a default judgment against Crawford on February 14, 2018 (Doc. No. 74), with a brief in support (Doc. No. 75). On February 28, 2018, the York County Defendants submitted a brief in opposition to Plaintiff's motion. (Doc. No. 77.) Five (5) days before the York County Defendants submitted their brief in opposition, Plaintiff submitted a letter to the Court indicating that he and the York County Defendants again requested a settlement conference before a Magistrate Judge (Doc. No. 76), which the Court granted on March 12, 2018 (Doc. No. 80).[3]

A review of the docket reflects that, to date, Crawford has neither filed an answer nor otherwise responded to the amended complaint. Because the applicable deadline for Plaintiff to file a reply brief has passed, Plaintiff's motion for a default judgment against Crawford is ripe for disposition.

---

[2] The Court reasoned that Plaintiff's filing was a "request to the Court for the entry of a default judgment," but that Plaintiff "ha[d] not filed a request with the Clerk of Court for entry of default, as required by Rule 55, before any default judgment may be entered." (Doc. No. 69 at 2.) Accordingly, the Court found that "pursuant to Rule 55, Plaintiff's 'request' . . . is improperly filed, as it does not comport with the two-step process contemplated by Rule 55." (Id. at 2-3.)

[3] In its Order referring the action to Chief Magistrate Judge Schwab to conduct a settlement conference between Plaintiff and the York County Defendants, the Court stayed the applicable deadline for dispositive motions pending the outcome of the settlement conference. (Doc. No. 80.)

## II.     LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Yet, if the defendant has been properly served but fails to appear, plead, or defend an action, a court may "enter a default judgment based solely on the fact that the default occurred," without considering the Chamberlain factors. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa.

3

July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citations omitted). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. DISCUSSION

In support of his motion for a default judgment against Crawford, Plaintiff asserts that "[i]t is clear from the [deposition] transcript that Defendant Crawford should be held jointly and severally liable with the County Defendants to the Plaintiff for the Plaintiff's injuries." (Doc. No. 75 at 3.) Further, Plaintiff states that pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court should enter a default judgment against Crawford, and that "[a]s Plaintiff's damages are not liquidated, it is further requested that the Court schedule a two day jury trial to determine the amount of damages to be assessed against Defendant Crawford." (Id. at 3-4.)

In opposition, the York County Defendants state that although the Court is permitted to enter a default judgment against Crawford under Rule 55(b)(2), the Court should deny Plaintiff's motion because: (1) they are not "jointly and severally liable with Crawford . . . as Plaintiff

4

suggests in his brief" and (2) Plaintiff's request for a trial as to damages is premature because resolution of a dispositive motion filed by the York County Defendants "could significantly alter the claims and parties at trial." (Doc. No. 77 at 2.) The York County Defendants maintain that the Court should "deny, without prejudice, Plaintiff's request for a separate jury trial against Crawford regarding damages." (Id. at 3.)

Courts exercise caution with respect to motions for default judgments in cases involving multiple defendants. See, e.g., West Am. Ins. Co. v. Boyarski, No. 11-cv-2139, 2012 WL 4755372, at *2 (M.D. Pa. Oct. 5, 2012) (quoting Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props., LLC, No. 11-cv-0057, 2012 WL 956182, at *2 (E.D. Ark. Mar. 21, 2012)) ("In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment could create 'inconsistent and unsupportable' results as to the non-defaulting defendants.").[4] Therefore, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants." Id. (citing Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 850 (D.N.J. 2008)).

In this action, Plaintiff has filed a motion for a default judgment as to one Defendant, Crawford (Doc. No. 74), which the York County Defendants, who are not in default, oppose (Doc. No. 77). Because this action involves multiple defendants, and considering the non-

---

[4] In West American Insurance Co. v. Boyarski, the district court denied without prejudice a defendant's motion for default judgment, stating that a non-defaulting defendant "oppose[d] the motion and remain[ed] as a defendant" in the action, and, therefore, "[e]ntry of a default judgment against [the defendants] could result in inconsistent judgments and unsupportable results." See West Am. Ins. Co. v. Boyarski, No. 11-cv-2139, 2012 WL 4755372, at *3 (M.D. Pa. Oct. 5, 2012) (citing Tenn. Farmers Mut. Ins. Co. v. Tim W. Smith Props., LLC, No. 11-cv-0057, 2012 WL 956182, at *2 (E.D. Ark. Mar. 21, 2012)).

5

defaulting Defendants' opposition to Plaintiff's motion, the Court concludes that it would be inappropriate to grant Plaintiff's motion at this time. See Boyarski, 2012 WL 4755372, at *2 (stating that "default judgment against one defendant should be avoided" in multi-defendant cases due to the potential for "inconsistent and unsupportable results" in regard to the non-defaulting defendants). Here, although Plaintiff asserts that Crawford and the York County Defendants "should be held jointly and severally liable" for Plaintiff's injuries (Doc. No. 75 at 3), the York County Defendants dispute this assertion in their brief opposing Plaintiff's motion (Doc. No. 77 at 2). Further, the procedural posture of this action militates against granting a default judgment, as the York County Defendants and Plaintiff have yet to conduct a settlement conference before a Magistrate Judge. (Doc. Nos. 76, 80.) Accordingly, the Court finds that the entry of a default judgment against Crawford is not warranted at this time.[5]

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion for default judgment (Doc. No. 74), will be denied without prejudice. An appropriate Order follows.

---

[5] However, consistent with other district courts' treatment of such motions in similar circumstances, the Court will deny Plaintiff's motion without prejudice to the right of Plaintiff to renew his motion "after the claims have been resolved against the non-defaulting Defendant[s]." See id. (denying motion for default judgment without prejudice).