IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY M. FLECKENSTEIN, | : | |
|     Plaintiff | : | No. 1:14-cv-01085 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| ROSS W. CRAWFORD, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiff Jeffrey M. Fleckenstein ("Plaintiff")'s motion to compel Defendant Ross W. Crawford ("Crawford"), to provide responses to certain questions that he declined to answer during his deposition. (Doc. No. 72.) For the reasons stated below, the Court will deny the motion.

**I.   BACKGROUND[1]**

On June 4, 2014, Plaintiff initiated the above-captioned action by filing a complaint against Crawford, as well as Defendants Mary E. Sabol, Albert J. Sabol, the York County Prison Board of Inspectors, Dana M. Brienza, Kim McDermott, and Karen Eyster (collectively referred to herein as the "York County Defendants"). (Doc. No. 1.) Plaintiff subsequently filed an amended complaint on July 18, 2014 (Doc. No. 6), which all Defendants, excluding Crawford, moved to dismiss on July 23, 2014 (Doc. No. 8). On October 1, 2015, the Court granted in part and denied in part the motion to dismiss. (Doc. Nos. 31, 32.)

After proceeding to conduct discovery, on June 21, 2016, Plaintiff filed a "request to the court for the entry of a default judgment" as to Crawford (Doc. No. 44), asserting that Crawford had neither answered nor otherwise responded to the second amended complaint (id. ¶ 8).

---

[1] As this Memorandum addresses only Plaintiff's motion to compel, the Court declines to recite the factual background of the underlying action herein.

1

Finding that Plaintiff's request was improvidently filed, the Court ordered Plaintiff's request stricken from the record. (Doc. No. 69.) Plaintiff then filed a request for the entry of default against Crawford (Doc. No. 70), and the Clerk entered default against Crawford on January 25, 2018 (Doc. No. 71). Following the Clerk's entry of default, Plaintiff filed a motion for a default judgment against Crawford.[2] (Doc. No. 74.) On February 23, 2018, five (5) days prior to Plaintiff's motion for a default judgment becoming ripe for this Court's review, Plaintiff notified the Court that he and the York County Defendants requested a settlement conference before a Magistrate Judge (Doc. No. 76), and the Court granted this request on March 12, 2018 (Doc. No. 80). In referring the action to Chief Magistrate Judge Schwab to conduct a settlement conference between Plaintiff and the York County Defendants, the Court stayed the applicable deadline for filing dispositive motions pending the outcome of the settlement conference. (Id.)

As reflected on the docket, the parties in this action have engaged in protracted discovery.[3] On February 6, 2017, the York County Defendants and Plaintiff obtained permission from the Court to depose Crawford, who is currently incarcerated and proceeding pro se. (Doc. No. 53.) Crawford was deposed on October 2, 2017 by both the York County Defendants and Plaintiff. (Doc. No. 73-1, Ex. A.) The most recent scheduling Order set December 1, 2017 as the discovery deadline. (Doc. No. 64.)

On December 1, 2017, the last day to conduct discovery (id.), the Court held a conference at the request of the parties with regard to a potential discovery dispute (Doc. No. 67). On the

---

[2] The Court's denial of Plaintiff's motion for a default judgment against Crawford (Doc. No. 74), will be explained in a separate Memorandum.

[3] A review of the docket reveals that, pursuant to the Court's initial Order dated February 2, 2016, which set forth all case management deadlines, discovery was due on July 19, 2016. (Doc. No. 42.) Since the issuance of the first case management Order, the applicable discovery deadline has been extended six (6) times, upon request from either Plaintiff or the York County Defendants. (Doc. Nos. 47, 49, 51, 60, 62, 64.)

same day, prior to the conference, Plaintiff submitted a letter describing multiple discovery disputes between the parties, and stated that he intended to file a motion to compel Crawford to answer certain questions in his deposition. (Doc. No. 68.) On February 14, 2018, more than two months after the close of discovery (Doc. No. 64), Plaintiff filed the instant motion to compel Crawford "to answer questions that he would not answer during his deposition" (Doc. No. 72).

In support of his motion, Plaintiff maintains that "in response to several questions [during his deposition] . . . Crawford asserted the Fifth Amendment right against self-incrimination" and also withheld the name of a witness on the basis that Crawford did not consider it relevant and "was not bringing anybody else into this."[4] (Doc. No. 73 at 3) (citing Doc. No. 73-1, Ex. A at 38: 11-20). According to Plaintiff, Crawford is not entitled to protection under the Fifth Amendment because any underlying criminal prosecution pertaining to him is now complete and he has no pending appeals. (Id. at 4.) Further, as to Crawford's assertion regarding the relevance of the witness' identity, Plaintiff maintains that Crawford's argument is meritless because the witness whose identity Crawford has withheld may possess information relevant to this action, and "'relevancy' is not one of the permitted reasons to not answer a question during a deposition." (Id. at 6) (citing Fed. R. Civ. P. 30(c)(2)).

In opposition to Plaintiff's motion, the York County Defendants argue that "Plaintiff [has not] explained why he delayed in seeking court intervention on this issue," and that "the information sought would exceed the Federal Rules of Civil Procedure's limitations on discovery and could implicate Crawford's privilege against self-incrimination under the Fifth Amendment." (Doc. No. 79 at 2.) Additionally, the York County Defendants note that the

---

[4] Because the Court will deny Plaintiff's motion on the grounds that Plaintiff has failed to satisfy the applicable standard for a motion to reopen discovery, as explained more fully below, the Court will not address the substance of the deposition questions and answers at issue.

3

operative fact discovery deadline expired on December 1, 2017, and while the Court permitted Plaintiff leave to file a motion to compel Crawford's answers to the deposition questions, Plaintiff did not "file the motion to compel until February 14, 2018—two and a half months after the expiration of the fact discovery deadline." (Id. at 3-4.) The York County Defendants thus oppose Plaintiff's motion on the grounds that the motion is untimely and Plaintiff has not provided any explanation for his delay in filing the motion, and that Plaintiff has not "explained how reconvening Crawford's deposition will lead to admissible evidence." (Id. at 6-7.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This authority extends to requests to reopen discovery." In Re Chocolate Confectionary Antitrust Litig., Civ. No. 08-1935, 2013 WL 3873225, at *2 (M.D. Pa. July 25, 2013) (citing Aamco Transmissions, Inc. v. Marino, Civ. Nos. 88-5522, 88-6197, 1991 WL 40336 (E.D. Pa. Mar. 19, 1991)). This standard is significantly more stringent than the standard in Rule 15(a)(2), which provides that courts should "freely give leave [to amend] when justice so requires." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010) (citing Fed. R. Civ. P. 15(a)(2)). A movant's "due diligence" is essential in establishing good cause. Id. at 84; see also Brown v. Am, Sintered Techs., Civ. No. 14-0410, 2015 WL 917293 (M.D. Pa. Mar. 3, 2015) (stating that the "good cause standard . . . hinges on diligence of the movant") (citing Venetec Int'l, Inc. v. Nexus Med., LLC, 541 F. Supp. 2d 612, 618 (D. Del. 2008)). Further, "district courts have broad discretion to manage discovery." Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995).

4

## III. DISCUSSION

### A. Consideration of Plaintiff's Motion as a Motion to Reopen Discovery

As an initial matter, the Court notes that the proper standard for assessing the adequacy of Plaintiff's motion is the legal standard associated with a motion to reopen discovery. Plaintiff's motion (Doc. No. 72), is styled as a motion filed pursuant to Federal Rule of Civil Procedure 37, which authorizes a party to file a motion for an order compelling disclosures or discovery, including those pertaining to depositions. See Fed. R. Civ. P. 37(a)(2)(C). However, Plaintiff ultimately seeks permission from the Court to re-depose Crawford as to the questions Plaintiff claims Crawford would not answer (Doc. Nos. 72, 73), and consequently, Plaintiff is requesting leave to conduct discovery, despite the fact that the operative discovery deadline of December 1, 2017 has expired (Doc. No. 64). Because Plaintiff seeks to revisit the discovery phase of this litigation after the applicable discovery deadline has concluded, the motion is more appropriately analyzed under Federal Rule of Civil Procedure 16, which provides, inter alia, that a scheduling order "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). Therefore, the Court examines Plaintiff's motion in accordance with the aforementioned standard for a motion to reopen discovery.

### B. Good Cause

The Court is unpersuaded that Plaintiff has satisfied the applicable good cause standard so as to warrant reopening discovery. Although his supporting brief notes that he filed the motion on February 14, 2018, Plaintiff does not acknowledge the since-expired discovery deadline of December 1, 2017. (Doc. No. 73 at 1.) Nor does Plaintiff offer an explanation as to why he filed the instant motion over two months of the close of fact discovery. (Id. at 1-6.) Additionally, even taking into consideration Plaintiff's letter to the Court dated December 1,

5

2017, which described several discovery disputes and noted that Plaintiff would be "seeking permission to file a motion to compel Mr. Crawford to answer certain questions for which he has asserted his 5th Amendment Right" (Doc. No. 66 ¶ 7), the fact that Plaintiff anticipated filing such a motion, and was permitted by the Court to do so in December of 2017, does not provide an explanation for Plaintiff's delay in filing the instant motion. Accordingly, because Plaintiff has not shown that good cause exists for reopening discovery, the Court will deny his motion. (Doc. No. 72.)

    **C.**    **Additional Factors**

Other considerations also warrant the denial of Plaintiff's motion. First, the Court's analysis of Plaintiff's request to re-depose Crawford is shaped by the Court's inherent authority to manage its docket as it sees fit. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)) (noting "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Lee v. Krieg, 227 F. App'x 146, 148 (3d Cir. 2007) (acknowledging a district court's "inherent authority to manage its docket"). Second, the Court notes that on the same day that he filed the instant motion as to Crawford's deposition, Plaintiff filed a motion for a default judgment as to Crawford (Doc. No. 74), which the Court will address in a separate Memorandum. Plaintiff's assertions in favor of re-deposing Crawford are plainly contradicted by his argument in support of his motion for a default judgment against Crawford—that "[i]t is clear from the [deposition] transcript that Defendant Crawford should be held jointly and severally liable with the [York] County Defendants . . . for the Plaintiff's injuries." (Doc. No. 75 at 3.) Furthermore, Plaintiff and the York County Defendants have simultaneously requested that this action be referred to a Magistrate Judge for purposes of conducting a settlement

6

conference. (Doc. Nos. 76, 80.) Given the inconsistent nature of Plaintiff's filings pertaining to Crawford's involvement in this action, as well as Plaintiff's failure to demonstrate that good cause exists for reopening discovery, the Court concludes that granting the instant motion is inappropriate at this juncture.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to compel Crawford to answer certain deposition questions (Doc. No. 72), is denied. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
